Gaston, Judge.
We see no ground for exception on the yart of the defendant, to the charge of the judge in relation to the execution of the deed of Jacob Bahel. According to the testimony of every witness examined on the subject, it was executed as a deed, and not delivered as an escroto; and his Honor, we think, should have charged the jury, if they believed the evidence, such was the legal effect of it. If there was any fraud practised in the execution of the deed, such fraud would in law avoid the the deed; and the instruction of the judge went at least to that extent.
Upon the other question made at the trial, whether the *534 writ of venditioni exponas was warranted by a judgment, we do not understand that objection was made to the reception of the clerk’s minutes and entries as evidence ; for it is impossible For us to be ignorant of the universal usage at the bar, to receive such memoranda instead of requiring a formal record, but that these when received in evidence did not show a judgment. So understanding the objection, we think that it was properly overruled.
The law is express in requiring of every clerk, where a cause is finally determined, to enter all the proceedings therein, in a well-bound book; and make an entire and perfect record thereof. This record is of course made out from the memoranda, or short minutes entered upon the dockets, and in the journal of the Court’s daily proceedings. These are the materials by means of which the record is to be subsequently completed; but they are not the record, and of course are not admissible as such, if objection be thereunto taken. It is never taken, we believe; and the consequence of this liberal practice — a very unfortunate consequence — is, that clerks very seldom make out a a record ; and that few of them can do so without professional assistance. When these minutes are received in lieu of the record required by law, they must be regarded as sufficiently certain, if from them a certain record can be made out. The rule of “ id cerium est, quod cerium reddi ■potest,” is properly applied in such a case; for otherwise, being but incomplete memoranda, they would always want the necessary certainty. Applying that rule to the present case, a complete record could have been made. There was a memorandum that judgment had been rendered for the plaintiff, agreeably to the specialty filed; and the amount of that judgment, was a mere subject of compulation.
As to the matters brought to the notice of the Court for the first time, on the motion for a new trial, we think his Honor properly refused to act upon them. The judgment is affirmed.
PjgR CuRiam. Judgment affirmed.